IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

―――――――――――――――

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | Cause No. CV 10-62-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| ERIC HOLDER, U.S. Attorney General; HARLEY LAPPIN, Director, Federal Bureau of Prisons; U.S. DEPARTMENT OF JUSTICE; UNITED STATES, | ) ) ) ) ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondents. | ) | |

―――――――――――――――

On September 27, 2010, Petitioner Keith Russell Judd moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a federal prisoner proceeding pro se. According to PACER records, he has filed hundreds upon hundreds of habeas petitions and civil actions all over the country.

Petitioner purports to seek habeas relief against "any future confinement or prosecution," (C.D.1, p.1) He is not seeking habeas relief against an already-imposed sentence that he has not yet begun to serve, as

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

would be permitted by <u>Peyton v. Rowe</u>, 391 U.S. 54, 67 (1968), nor does he claim there are pending federal charges filed in this District, <u>e.g.</u>, <u>Braden v. 30th Jud. Dist. Court</u>, 410 U.S. 484, 488-89 & n.4 (1973).  Petitioner seeks nothing less than immunity from future prosecution.

Even if he were to file an appropriate form of action, relief would be denied because 18 U.S.C. § 922(g), prohibiting possession of firearms by felons, is "presumptively lawful."  <u>District of Columbia v. Heller</u>, __ U.S. __, 128 S. Ct. 2783, 2817 n.26 (2008); <u>see also</u> <u>McDonald v. City of Chicago</u>, __ U.S. __, 130 S. Ct. 3020, 3047 (2010) ("We repeat those assurances . . . . in <u>Heller</u> that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons'").  To whatever extent Petitioner is correct that the United States cannot prove he has been convicted of a felony, (C.D.1, p.10-11) or that there would be other fatal defects in any charge against him, (<u>Id.</u> at 5-8, 11-12) these allegations defeat his claim that he faces a "real and imminent threat" sufficient to confer standing for prospective relief.  <u>Adarand Constructors, Inc. v. Peña</u>, 515 U.S. 200, 211 (1995).

Petitioner's claim is frivolous.  His petition and his motion to proceed in forma pauperis should be denied on that basis.  <u>Tripati v. First Nat'l</u>

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

No reasonable jurist could find legal support for Petitioner's core proposition.  The certificate of appealability requirement does not apply to § 2241 petitions filed by federal prisoners, 28 U.S.C. § 2253(c)(1), but the district court should certify that any appeal from its disposition would not be taken in good faith.  Fed. R. App. P. 24(a)(4)(B).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Petitioner's motion to proceed in forma pauperis (C.D. 2) should be DENIED because the action is frivolous.

2.  The Petition (C.D. 1) should be DISMISSED as frivolous.

3.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

4.  The district court should certify, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

5.  The district court should state that no motions for reconsideration and no further submissions from petitioner will be entertained in this case.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION**

AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of October, 2010.

        /s/ *Keith Strong*
        Keith Strong
        United States Magistrate Judge