

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| KEITH RUSSELL JUDD,<br><br>                 Petitioner,<br><br>vs.<br><br>ERIC HOLDER, U.S. Attorney General; HARLEY LAPPIN, Director, Federal Bureau of Prisons; U.S. DEPARTMENT OF JUSTICE; UNITED STATES,<br><br>                 Respondents. | No. CV-10-62-GF-SEH<br><br>**ORDER** |

On October 6, 2010, United States Magistrate Judge Keith Strong entered his Findings and Recommendation[1] in this matter. Plaintiff moved for a certification of actual innocence[2] on the same date. On October 14, 2010, Plaintiff

---

[1] Document No. 4

[2] Document No. 5

filed objections to Judge Strong's Findings and Recommendation[3] and applied for class action certification[4] under Rule 23 of the Federal Rules of Civil Procedure.

## A. Findings and Recommendation

The Court has fully considered Plaintiff's motion and has reviewed *de novo* Judge Strong's findings and recommendations. 28 U.S.C. § 636(b)(1). Upon *de novo* review of the record, I find no error in Judge Strong's Findings and Recommendation and adopt them in full.

## B. Actual Innocence and Class Certification

Judd moved the Court "to determine that he is actually innocent" of the charges underlying his conviction in United States v. Judd, No. 7:98-CR-00093(1)-RAJ (W.D. Tex. judgment entered Sept. 29, 1999). Judd refers to the procedural gateway "to avoid the procedural bar for obtaining a Writ of Habeas Corpus," established by Schlup v. Delo, 513 U.S. 298, 316 (1995). Schulp and the other cases that Judd cites concern procedural bars, not jurisdictional ones.

Jurisdiction is established by 28 U.S.C. § 2241(a), which provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." "In [habeas] challenges to present physical confinement

---

[3] Document No. 7

[4] Document No. 6

2

... the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). No proper Respondent to Judd's habeas petition is within this Court's jurisdiction. See 28 U.S.C. §§ 106, 124, 132(a), (b). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447. This Court lacks jurisdiction. Transfer to cure want of jurisdiction, 28 U.S.C. § 1651, is not in the interests of justice. E.g., Order (doc. 930), Judd, No. 7:98-CR-93 (W.D. Tex. May 13, 2010).

Judd's petition seeking immunity from future prosecution is frivolous, and because he cannot challenge his conviction or sentence in this Court, no one "may sue or be sued" in this action. Fed. R. Civ. P. 23(a). Judd's motion for class certification is therefore moot. See Porter v. Jones, 319 F.3d 483, 489 (9th Cir. 2003).

ORDERED:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*[5] is DENIED.

---

[5] Document No. 2

3

2. Plaintiff's Petition for Writ of Habeas Corpus[6] is DISMISSED as frivolous.

3. A certificate of appealability is DENIED.

4. Plaintiff's Motion to Certify Actual Innocence[7] is DENIED for lack of jurisdiction.

5. Plaintiff's Application for Class Action Certification[8] is DENIED as moot.

6. The Clerk of Court is directed to enter judgment accordingly.

7. No further motions or petitions will be entertained because the action is frivolous. The case is closed and will not be reopened.

DATED this 2nd day of November, 2010.

SAM E. HADDON
United States District Judge

---

[6] Document No. 1

[7] Document No. 5

[8] Document No. 6